**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Mar 20, 2018

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CHARLES VINSANT, TARA BEAL,**                                                    **PLAINTIFFS**
**CHELSEA DYER, ASHLEY HAMILTON,**
**ANTWAN HENDRY, BELINDA MAXWELL,**
**BRITTANY MORRIS, KIMBERLY ROLAND**
**and BETTY FULLER, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                   Case No. 2:18-cv-<u>2056</u>

**MYEXPERIAN, INC.**                                                               **DEFENDANT**

<u>**ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Charles Vinsant, Tara Beal, Chelsea Dyer, Ashley Hamilton, Antwan Hendry, Belinda Maxwell, Brittany Morris, Kimberly Roland and Betty Fuller ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant MyExperian, Inc. ("Defendant"), they do hereby state and allege as follows:

## I.      <u>JURISDICTION AND VENUE</u>

1.      This is a hybrid class and collective action bought by Plaintiffs, individually and on behalf of other hourly-paid call center employees, including but not limited to, supervisors and customer service representatives, employed

by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (and some also move pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA")) for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this compliant. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant conducts business within and without the State of Arkansas, operating and managing a telephone call center in Van Buren, among other enterprises and other call center locations.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      The acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

8.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.      Plaintiff Charles Vinsant is an individual and resident and domiciliary of the State of Arkansas. He was employed by Defendant as an hourly-paid supervisor.

10.      Plaintiff Tara Beal is an individual and resident and domiciliary of the State of Arkansas. She was employed by Defendant as an hourly-paid customer service representative.

11.      Plaintiff Chelsea Dyer is an individual and resident and domiciliary of the State of Georgia. She was employed by Defendant as an hourly-paid customer service representative.

12.      Plaintiff Ashley Hamilton is an individual and resident and domiciliary of the State of Georgia. She was employed by Defendant as an hourly-paid customer service representative.

13.     Plaintiff Antwan Hendry is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an hourly-paid customer service representative.

14.     Plaintiff Belinda Maxwell is an individual and resident and domiciliary of the State of Arkansas. She was employed by Defendant as an hourly-paid customer service representative.

15.     Plaintiff Brittany Morris is an individual and resident and domiciliary of the State of Oklahoma. She was employed by Defendant as an hourly-paid customer service representative.

16.     Plaintiff Kimberly Roland is an individual and resident and domiciliary of the State of Arkansas. She was employed by Defendant as an hourly-paid customer service representative.

17.     Plaintiff Betty Fuller is an individual and resident and domiciliary of the State of Georgia. She was employed by Defendant as an hourly-paid customer service representative.

18.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

19.     At all times material herein, Arkansas Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the AMWA.

20.     At all times material herein, Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA.

21.     At all times material herein, Arkansas Plaintiffs and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the AMWA.

22.     Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

23.     Defendant is a Delaware corporation with a principal address of 332 Cloverleaf Plaza, Van Buren, Arkansas 72956, providing its clients with customer contact management services and operating a customer service call center located in Van Buren, Arkansas.

24.     Defendant employs no fewer than three hundred (300) hourly-paid employees at its Van Buren location.

25.     Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

26.     Defendant's annual gross volume of sales is not less than $500,000.00.

27.     Defendant's registered agent for service of process for the state of Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## III.   FACTUAL ALLEGATIONS

28.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

29.   At all relevant times herein, Defendant was/is the "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA and the AMWA.

30.   During the period relevant to this lawsuit, Plaintiffs worked at Defendant's call center in Van Buren, and/or Defendant's other locations throughout the United States, as hourly-paid supervisors and/or hourly-paid customer service representatives.

31.   At all relevant times herein, Defendant directly hired Plaintiffs and similarly situated employees to work in its customer service call center(s), paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

32.   At all relevant times herein, Plaintiffs were employed by Defendant as supervisors or customer service representatives.

33.   Plaintiffs and similarly situated employees were/are classified by Defendant as non-exempt under the FLSA (and Arkansas Plaintiffs under the AMWA), and were/are paid an hourly rate.

34.   At all relevant times herein, Defendant failed to accurately record all of the time worked off the clock by Plaintiffs and similarly situated employees and failed to properly compensate all of the off-the-clock hours.

35.    At all relevant times herein pursuant to Defendant's common practice, Plaintiffs and similarly situated employees were/are required to work off the clock, including but not limited to, reporting to work and preparation for taking customer calls, as well as often remaining at work to take final customer calls beyond the time for which they were compensated.

36.    Taking the remaining customer calls sometimes took up to thirty (30) minutes.

37.    Defendant's computer system recorded Plaintiffs' working period from the time Plaintiffs logged in until they logged out of the system. However, Plaintiffs were required to manually record eight hours and turn only that time in to prevent Defendant from being liable for overtime pay.

38.    As such, there was/is a disparity between Defendant's electronic records and Plaintiffs' own manual records. The electronic records will show that Plaintiffs were/are working more than forty (40) hours each week, while the time submitted by Plaintiffs was/is typically only forty (40) hours per week.

39.    Work performed by Plaintiffs and similarly situated employees prior to receiving pay included presenting themselves for work approximately fifteen (15) to thirty (30) minutes prior to their scheduled shift start times in order to have sufficient time to log in to Defendant's computer system and open all operating systems and programs necessary to take the first customer call when the designated shift time began, as well as spend time asking and answering questions with agents.

40.    This required, pre-shift off-the-clock work occurred on a daily basis.

41.     Even though the process of logging in and starting up Defendant's systems took as much as fifteen minutes, Defendant specifically instructed Plaintiffs not to submit that time for payment.

42.     In addition, at least two to three times each week, Plaintiffs and similarly situated employees were on customer service phone calls at the time their shifts ended. Plaintiffs and similarly situated employees were/are not compensated for their time spent on the phone after their shifts ended. Following the final calls, Plaintiffs would have to complete administrative tasks related to the calls such as notating the calls and sending messages regarding the calls, in addition to the daily shutting down process described above. This entire process could take as much as fifteen minutes.

43.     The pre-shift and post-shift worked described above was in addition to the recorded hours of work performed by Plaintiffs and similarly situated employees during their regularly-scheduled shifts.

44.     At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours over forty (40) per week.

45.     In all, Plaintiffs and similarly situated employees worked five to ten hours of overtime each week for Defendant for which they were not compensated.

46.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other supervisors and customer service representatives violated the FLSA and AMWA.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

47.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

48.    Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

C.    Liquidated damages; and

D.    The costs of this action, including attorney's fees.

49.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have or will file shortly Consents to Join this lawsuit.

50.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

A.      They were employed by Defendant as hourly-paid employees, including but not limited to, supervisors and customer service representatives or equivalent positions, at all of Defendant's locations nationwide.

B.      They were required to perform work outside of their scheduled working hours.

52.     The proposed FLSA class members are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B.      They performed the same or similar job duties;

C.      They were subject to Defendant's common practice requiring hourly-paid customer service representatives or supervisors to perform pre-shift and post-shift work for which they were not paid;

D.      They were subject to Defendant's common practice of paying hourly workers for their working hours recorded by Defendant's time clock and/or allowed by Defendant rather than their hours actually worked.

53.     Plaintiffs are unable to state the exact number of the class but believe that the class is not less than three hundred (300) persons.

54.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all hourly-paid customer service representatives and hourly-paid supervisors.

55.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.   AMWA Rule 23 Class

56.    Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.    Plaintiffs propose to represent the class of hourly-paid supervisors and customer service representatives who are/were employed by Defendant within the relevant time period within the State of Arkansas.

58.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

59.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

60.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is

declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

61.    Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds three hundred (300) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

62.    At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

63.    Concentrating the litigation in this forum is highly desirable because Defendant does business in the Western District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

64.    No difficulties are likely to be encountered in the management of this class action.

65.    The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as an hourly-paid supervisors or customer service representatives for Defendant and experienced the same violations of the AMWA that all other class members suffered.

66.    Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

67.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

68.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.    FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of the FLSA)

69.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

70.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

71.     At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

72.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain

exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

74.     Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

75.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

76.     Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

77.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of the FLSA)

78.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

79.     Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81.     Defendant classified Plaintiffs and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

82.     Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

83.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

> **All hourly-paid call center employees, including but not limited to, supervisors and customer service representatives, employed by Defendant within the past three (3) years who worked more than forty (40) hours in any week.**

84.     Defendant willfully failed to pay overtime wages to Plaintiffs and to all others similarly situated.

85.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of the AMWA)

86.     Arkansas Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

87.     Arkansas Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

88.     At all relevant times, Defendant was Arkansas Plaintiffs' "employer" within the meaning of the AMWA.

89.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90.     At all times relevant to this Complaint, Defendant classified Arkansas Plaintiffs as non-exempt from the overtime requirements of the AMWA.

91.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful minimum wage and an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

92.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.     By reason of the unlawful acts alleged herein, Defendant is liable to Arkansas Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

95.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

96.     Arkansas Plaintiffs, each individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

97.     At all relevant times, Defendant has been, and continues to be, an "employer" of Arkansas Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

98.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption

requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

99.    Defendant classified Arkansas Plaintiffs and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

100.    Despite the entitlement of Plaintiffs and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs and the members of the proposed class a lawful minimum wage and an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

101.    Arkansas Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid Arkansas call center employees, including but not limited to, supervisors and customer service representatives, employed by Defendant within the past three (3) years who worked more than forty (40) hours in any week.**

102.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

103.    By reason of the unlawful acts alleged herein, Defendant is liable to Arkansas Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

104.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by

the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Charles Vinsant, Tara Beal, Chelsea Dyer, Ashley Hamilton, Antwan Hendry, Belinda Maxwell, Brittany Morris, Kimberly Roland and Betty Fuller, each individually on behalf of themselves and all others similarly situated, respectfully pray that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

A.    That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.    Judgment for damages for all unpaid minimum wage and overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiffs and members of the collective and class members during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.     An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFFS CHARLES VINSANT,**
**TARA BEAL, CHELSEA DYER,**
**ASHLEY HAMILTON, ANTWAN**
**HENDRY, BELINDA MAXWELL**
**BRITTANY MORRIS, KIMBERLY**
**HOWARD and BETTY FULLER,**
**Each Individually and On Behalf of**
**All Those Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com