UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES VINSANT, Individually and on
behalf of all others similarly situated, et al.                                     PLAINTIFFS

v.                          No. 2:18-CV-02056

MYEXPERIAN, INC.                                                                   DEFENDANT

**<u>ORDER</u>**

On April 13, 2018, Plaintiffs moved to conditionally certify a collective action under the FLSA. On May 11, 2018, Defendant filed a response in opposition, attaching several exhibits. (Doc. 21). The Clerk will be directed to strike the response and all exhibits.

The Court has inherent authority to manage its docket, courtroom, and other affairs to achieve the efficient, orderly, and inexpensive resolution of cases. *Dietz v. Bouldin*, 579 U.S.--, 136 S.Ct. 1885, 1891–93 (2016). The Federal Rules of Civil Procedure admonish the Court and the parties to construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the Rules allow the Court to strike "redundant, immaterial, impertinent, or scandalous matter" from pleadings. Fed. R. Civ. P. 12(f). By necessity, this authority to strike cannot be limited to pleadings, but must extend to other papers filed with the Court that might contain redundant, immaterial, impertinent, or scandalous material. The Rules also warn the parties that by signing, filing, submitting, or advocating for a pleading, written motion, or other paper, they are certifying that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Defendant's response and exhibits total 855 pages. The first exhibit to Defendant's response contains a cover page and 428 pages of unpublished opinions, all accessed from an online

1

database. This Court, like the parties, is capable of finding the cited unpublished opinions online. While Defendant may have intended the exhibit as a courtesy, the exhibit drives up the costs of docket access, increases the amount of time that must be spent by any person reviewing the motion, and dilutes Defendant's arguments in a sea of nonbinding precedent. Additionally, the response brief exceeds the page limitations imposed by the Court. The initial scheduling order (Doc. 15) entered in this case explicitly directs the parties to limit motions, responses, or briefs to 25 double-spaced pages. Defendant's response brief is 30 pages long, plus an additional page for the certificate of service. Defendant did not request permission to exceed the page limits, and it is not clear that the excess briefing is necessary. The Court will strike the response from the docket and give Defendant additional time to file a compliant brief and any material exhibits.

The Court notes that the second, third, and fourth exhibits to Defendant's response collectively compose the declaration of Rhonda White and its exhibits. The declaration contains a cover page and 7 substantive pages. The remaining 340 pages are exhibits to the declaration and their cover pages. These exhibits include policy excerpts, written agreements, pay stubs, time records, and job descriptions. Some of this material may be relevant to the issues the Court must consider on a motion to conditionally certify a collective action under the FLSA. It may also be relevant should Plaintiffs eventually move to certify a class action pursuant to Federal Rule of Civil Procedure 23. After a cursory review of Defendant's response, however, it appears that much of this information is offered primarily in support of Defendant's position on the ultimate merits of this lawsuit, and is immaterial to the motion. Certification of an FLSA collective action often proceeds in two stages, and the initial determination of whether putative collective action members are similarly situated uses a fairly lenient standard. *See, e.g., Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009); *Resendiz-Ramirez v. P & H Forestry,*

*L.L.C.*, 515 F.Supp.2d 937, 940 (W.D. Ark. 2007); *cf. Lynch v. United Services Automobile Association*, 591 F.Supp.2d 357, 368 (S.D.N.Y. 2007) (during first stage of FLSA certification analysis, "the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations.").

As Defendant prepares to resubmit its response, it may be prudent for Defendant to review its response and exhibits to determine whether they are entirely relevant to the issue of conditional certification of an FLSA collective action, or whether at least some portions might be omitted as relevant only to the merits. Overproduction might be an effective, though inappropriate, strategy during discovery, but it is an especially poor choice when briefing. The Court reads what the parties file. The Court will read 855 pages in opposition to what appears to be a relatively uncomplicated motion if it is necessary to do so, but in light of this order, Defendant should have an opportunity to reconsider whether it believes everything it has filed is material.

IT IS THEREFORE ORDERED that Defendant's response (Doc. 21) and exhibits are STRICKEN from the docket. Defendant's deadline to file a response to the pending motion is extended to May 16, 2018.

IT IS SO ORDERED this 11th day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE