UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES VINSANT, Individually and on
behalf of all others similarly situated, et al.                                    PLAINTIFFS

v.                                            No. 2:18-CV-02056

MYEXPERIAN, INC.                                                                    DEFENDANT

OPINION AND ORDER

Before the Court is Plaintiffs' motion (Doc. 17) for conditional certification of a collective

action and brief in support (Doc. 18).  Defendant filed a response in opposition (Doc. 23), and

Plaintiffs filed a reply (Doc. 27).  The Court has considered the parties' filings and supporting

documents and, for the following reasons, finds that Plaintiffs' motion should be GRANTED IN

PART and DENIED IN PART.

I.      **Background**

Defendant MyExperian, Inc. operates call centers.  Plaintiffs Charles Vinsant, Tara Beal,

Chelsea Dyer, Ashley Hamilton, Antwan Hendry, Belinda Maxwell, Brittany Morris, Kimberly

Roland, and Betty Fuller state that they worked as Supervisors and Customer Service

Representatives ("CCS")[1] at Defendant's Call Centers.  CCS's primary duties are to take phone

calls and assist customers.    Supervisors' primary duty is supervising CCSs.  Plaintiffs contend

that they were not paid overtime compensation in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et. seq.*

---

[1] Defendant asserts that it uses the title "Customer Care Specialists," not the title
"Customer Service Representative."  The terms will be used interchangeably throughout this
order.

Plaintiffs seek conditional certification of their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).  In addition, Plaintiffs request that the Court approve the form and content of Plaintiffs' proposed notice, consent to join form, and follow-up postcard for distribution to members of the class via U.S. Mail and electronically; request a 90-day opt-in period; and order Defendant to provide relevant contact information for putative class members.

## II.   Discussion

### 1.      Conditional Certification

Under § 216(b) of the FLSA, a collective action for unpaid minimum wage or unpaid overtime compensation may be maintained against an employer by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is pending." 29 U.S.C. § 216(b).  Therefore, the FLSA "allows as class members only those who 'opt-in.'"  *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).

The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  "The court has a 'responsibility to avoid the "stirring up" of litigation through unwarranted solicitation' of potential opt-in plaintiffs . . . but the district court should, 'in appropriate cases,' exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citations omitted).

Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of

2

notice is appropriate. *Davenport v. Charter Commc'ns., LLC*, 2015 WL 164001, *4 (E.D. Mo. Jan. 13, 2015). However, most courts within the Eighth Circuit, including this Court, most frequently use a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891.

The two-stage approach to certifying a collective action is divided into (1) the notice stage and (2) the opt-in or merits stage. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940-41.

At the notice stage, plaintiffs face a lenient burden to show that they are "similarly situated" to the putative collective action class. *Id.* at 941. To meet this lenient burden, plaintiffs must make a modest factual showing that plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Id.* "Although credibility determinations and findings of fact are not required at this stage, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, *2 (E.D. Mo. Jan. 27, 2009) (citation omitted). "During the notice stage, the court makes a decision–usually based only on the pleadings and affidavits which have been submitted–whether notice should be given to potential class members." *Resendiz-Ramirez*, 515 F. Supp. 2d at 940. "If the court allows

for notification, the court typically creates conditional certification of a representative class and allows notice to be sent to the potential opt-in plaintiffs." *Id.*

At the opt-in or merits stage, typically precipitated by a motion to decertify by the defendant after discovery is largely complete, plaintiffs seeking to maintain the collective action bear a higher burden to show that they are similarly situated and that the case should continue to trial as a collective action. *Kautsch v. Premier Commc'ns*, 2008 WL 294271, *1 (W.D. Mo. Jan. 31, 2008). Still, plaintiffs need not show that they are identically situated. *Fast v. Applebee's Int'l., Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007). Instead, the Court considers the following factors to determine if plaintiffs are indeed similarly situated: (1) employment and factual settings of plaintiffs; (2) various defenses available to defendants; and (3) considerations of fairness, procedure, and manageability. *Bouaphakeo*, 564 F. Supp. 2d at 892. "The district court must assess these factors in light of 'the fundamental purpose of 29 U.S.C. § 216(b): (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity.'" *Id.* (citations omitted).

Plaintiffs request that the Court conditionally certify and approve notice to all potential class members for a class defined as:

> Each hourly-paid supervisor and/or customer service representative who worked for Defendant MyExperian, Inc. (Defendant), any time after March 20, 2015.

In support of their motion to conditionally certify a collective action, Plaintiffs rely on sworn declarations by Vinsant, Beal, Dyer, and Hamilton, setting forth allegations of wrongful conduct committed by Defendant. Defendant makes a number of arguments opposing conditional certification. The Court will address each of these arguments in turn.

4

Defendant argues that Plaintiffs have failed to demonstrate a colorable basis of an unlawful common policy because Defendant has a pay practice in place that requires all non-exempt employees to record all of their working time including their actual start and end times. Defendant further argues that any unlawful policy alleged by Plaintiffs is false because time clock records, schedules, and pay stubs demonstrate that Plaintiffs were permitted to record more than 40 hours of work per week. Accordingly, Defendant argues that conditional certification should be denied because Plaintiffs have failed to demonstrate a company-wide policy or practice of denying compensation for overtime work. Plaintiffs respond that, contrary to Defendant's assertion, they have alleged that Defendant has a standard policy of requiring putative class members to work in excess of forty hours per week but only paying them for forty hours of work.

The Court finds that Plaintiffs have come forward with substantial allegations that they, and other similarly situated employees, were victims of a common decision, policy, or plan to deprive them of compensation. Plaintiffs Vinsant, Beal, Dyer, and Hamilton all alleged that "[w]e were required to arrive for our scheduled shifts 15 to 30 minutes early . . . [r]egardless of the time we arrived and the time the software recorded that we logged in, we were instructed to complete an electronic time sheet and report therein that our start time was the time our scheduled shift began. . . . [and] [r]egardless of the time we actually stopped working, we were instructed to state the time that our shift ended on our electronic time sheet." The Court finds that these assertions are sufficient to meet Plaintiffs' lenient burden of making a modest factual showing that they and some putative class members were victims of a common decision, policy, or plan of Defendant that affected those putative class members in a similar manner. *Resendiz-Ramirez*, 515 F. Supp. 2d at 941.

5

The Court notes that this case is closer than the typical conditional certification case because Defendant has offered evidence that it has a lawful pay policy and that this policy was followed in some instances.  However, at the notice stage, the Court makes a decision "based only on the pleadings and affidavits which have been submitted."  *Id.* at 940.  While Plaintiffs' declarations are fairly cursory, they nonetheless offer some identifiable facts demonstrating that Plaintiffs were instructed to state the time that their shifts were supposed to begin and end on their time sheets, regardless of how many hours they actually worked.  Defendant argues that the Court should not grant conditional certification based on Plaintiffs' declarations, because those declarations are totally contradicted by Defendant's evidence.  While Defendant has offered evidence calling Plaintiffs' claims into question, the Court does not perform fact finding or credibility analysis at this stage.  *Jost*, 2009 WL 211943 at *2.  It is certainly possible that this contradictory evidence will be sufficient to prevent Plaintiffs from meeting their higher burden at the opt-in or merits stage, but it does not alter the Court's finding that Plaintiffs–through their pleadings and affidavits–have met their lenient burden at the notice stage.

Defendant next argues that conditional certification is inappropriate because issues specific to individual plaintiffs predominate over questions common to the potential class as a whole.  This argument is based on Defendant's assertion that Plaintiffs have failed to demonstrate a common policy or practice of denying compensation for overtime work.  As discussed above, Plaintiffs have met their lenient burden to provide modest evidence of a common decision, policy, or plan.  Accordingly, the Court need not consider this argument.

Defendant next argues that its individualized defenses to liability–specifically that there are putative class members to whom Defendant cannot be liable–makes conditional certification inappropriate.  However, the Court analyzes "the various defenses available to defendant that

appear to be individual to each plaintiff" at the merits stage.  *Douglas v. First Student, Inc.*, 888 F. Supp. 2d 929, 933 (E.D. Ark 2012).  Accordingly, the Court need not consider this argument at the notice stage.

Finally, Defendant argues that CCSs and Supervisors cannot be similarly situated because they have different duties.  While not conceding this argument, Plaintiffs indicate that they would not disagree with dividing the proposed class into two subclasses.  Defendant does not argue here that CCSs in the putative class are not similarly situated to each other or that Supervisors in the putative class are not similarly situated to each other.  Accordingly, the Court finds that conditional certification is appropriate, but will divide the proposed class into two subclasses–CCSs and Supervisors–as suggested by Plaintiffs.  Plaintiffs will be instructed to send notice to both subclasses separately.

Having reviewed the Plaintiffs' pleadings and sworn declarations, as well as the arguments raised by the parties, the Court finds that Plaintiffs have met their lenient burden of establishing that they are similarly situated because they have made a modest factual showing that they were subject to a common decision, policy, or plan to deprive them of overtime compensation. Accordingly, the Court will conditionally certify this action for the purpose of giving notice.

**2.      Form and Dissemination of Notice and Requests for Information**

Plaintiffs have submitted a proposed notice and a proposed consent to join form to be sent through the U.S. Mail.  As discussed above, Plaintiffs propose sending the notice and consent form to employees "who worked for Defendant MyExperian, Inc. (Defendant), any time after March 20, 2015"–three years preceding the filing of Plaintiffs' original complaint.  Defendant objects to these documents arguing that the class notice should not be sent to anyone, who as of the date of the mailing, has not worked for Defendant within three years.

7

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Because Plaintiffs allege willful violations of the FLSA, a three-year limitations period applies. Typically, the statute of limitations for each plaintiff in an FLSA collective action runs from when he or she files written consent with the court effectively joining the lawsuit rather than when the named plaintiff files the complaint. 29 U.S.C. § 256(b).

"Plaintiffs bear the burden of demonstrating why they are entitled to equitable tolling, and the resolution of the issue is fact-specific." *Cruthis v. Vision's*, 2013 WL 4028523, at *5 (E.D. Ark. Aug. 7, 2013). Plaintiffs have not offered any justification for sending notice to employees who worked for Defendant anytime after March 20, 2015. Plaintiffs merely argue that "this keeps the door open for this Court to grant equitable tolling to some or all potential plaintiffs if the facts support it." The Court does not find it appropriate to "keep the door open . . . to grant equitable tolling." The proper occasion for Plaintiffs to brief any arguments as to why the Court should toll the limitations period was when Defendant objected to the temporal scope of the class definition. Because Plaintiffs have not met their burden to show that they are entitled to equitable tolling, the Court will not equitably toll the limitations period to three years prior to the filing of the complaint.

However, the Court notes that the "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in an FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine." *Yahraes v. Rest Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (citations omitted). In that regard, plaintiffs "whose putative class representatives and their counsel are

diligently and timely pursuing the claims should . . . not be penalized due to the courts' heavy dockets and understandable delays in rulings." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). Therefore, the Court finds it appropriate to toll the statute of limitations from April 13, 2018—the date the motion for conditional certification was filed—until the date this order is filed in order to account for the delay. The class period for putative members will thus extend back to a starting point of April 13, 2015. The class definition and any references to it in Plaintiffs' proposed forms will be updated to reflect this change.

Defendant also argues that Plaintiffs' proposed notice does not fully advise putative class members of their obligations or the parties' positions. Defendant requests that additional language be added to the notice to clarify these issues.

First, Defendant proposes that the notice include the following language informing the putative class members of the possibility they may be required to participate in discovery:

> While this lawsuit is pending, you may be asked to respond to written questions, produce documents, or give testimony either before trial at a deposition or during trial. If you join the lawsuit, you must preserve all documents relating to your employment at Experian that are currently in your possession.

Second, Defendant proposes that the notice include the following language informing the putative class members of Defendant's position:

> Throughout the relevant time period in this case (the past three years), Experian maintains that it has paid all hourly workers in the conditionally-certified class for work performed outside of scheduled hours of work. As a result, Experian's position in this lawsuit is that it has already paid all hourly employees for the alleged "off the clock" time at issue in this litigation.

Plaintiffs have not objected to either of Defendant's proposed additions to the notice. The Court finds that Defendant's proposed addition informing putative class members that they may be required to participate in discovery is unnecessary because section 5 of the proposed notice informs putative class members that "[w]hile the suit is proceeding you may be required to provide

9

information, sit for depositions, and testify in court."  The Court further finds that Defendant's proposed addition informing putative class members of Defendant's position is unnecessary because section 2 of the proposed notice informs putative class members that "Defendant denies Plaintiffs' claims.  Defendant asserts that it complied with the law."

Plaintiffs request permission to send a follow-up postcard to potential plaintiffs who do not respond within 30 days of sending the notice to reduce the risk of mail delivery problems. Defendant argues that the use of a follow-up postcard would be redundant and could be interpreted as providing judicial encouragement for individuals to join the lawsuit.  There is no clear precedent in the Eighth Circuit on the propriety of reminder or follow-up notices.  Furthermore, district courts in various circuits are split on the issue.  *Knispel v. Chrysler Grp. LLC*, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) (denying request for reminder notice on the basis that it "could potentially be interpreted as encouragement by the Court to join the lawsuit."); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011) (approving reminder notice to be sent 45 days after initial notice).  However, some district courts in the Eighth Circuit have granted plaintiffs' requests for reminder notice conditioned on the inclusion of disclaimer language.  *See Jennings v. Cellco P'ship*, 2012 WL 2568146, at *6 (D. Minn. July 2, 2012) ("Plaintiffs' counsel may also send one reminder letter during this 90-day notice period with the following language added to the proposed letter provided by Plaintiff: 'This Notice Serves to Notify You of This Pending Lawsuit. The Court Does Not Encourage or Discourage Participation In This Case.'"); *Holliday v. J S Exp. Inc.*, 2013 WL 2395333, at *9 (E.D. Mo. May 30, 2013) (approving a reminder notice provided that it contain "a disclaimer that the Court does not encourage or discourage participation in the case.").  The Court finds that the request to use a reminder postcard notice should be granted subject to a disclaimer that the Court neither encourages nor discourages

10

participation, and that the title of the postcard be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit."  The disclaimer will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

Plaintiffs request that in addition to providing notice via traditional U.S. Mail, the Court allow them to disseminate notice via text message to putative class members' cell phone numbers. If this request is denied, Plaintiffs alternatively request that the Court allow them to disseminate notice via email.  Defendant opposes this request, arguing that Plaintiffs have not demonstrated the need for an additional form of notice and that first-class mail is the preferred and most reliable method of sending class notice in FLSA cases.  The Court finds Plaintiffs' request to be needlessly repetitive and unnecessary because Plaintiffs have presented no circumstances indicating an unusual amount of difficulty in locating the putative members.  *See, e.g., Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 338 (W.D. N.Y. 2010) ("plaintiff has made no showing that would justify" providing notice via electronic means); *Sherril v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 351 (W.D. N.Y. 2007) (finding a proposal to email, physically post, mail, and publish notice in an employee newsletter to be "broader than necessary").  While communication with putative class members by electronic means is sometimes necessary, the necessity is not clear in this case, and the request will be denied.

Plaintiffs request a 90-day opt-in period for the dissemination of notice.  Defendant does not object to this request.  Given the size of the putative class–estimated by Plaintiffs to be at least 300 employees–the Court finds that a 90-day opt in period is reasonable.

Plaintiffs request that the Court order Defendant to provide them with (1) the names of each putative class member, including any aliases they may have gone by or go by now; (2) the

last known home and work addresses of the worker for the same time period; and (3) any and all cell phone numbers of which Defendant is aware for any such employee (or alternatively, any and all email addresses of which Defendant is aware for any such employee).  Defendant does not object to this request.  The Court will grant Plaintiffs' request for the names and addresses of putative class members.  *See e.g., Melgar v. O.K. Foods, Inc.*, 2015 WL 1470092, at *2 (W.D. Ark. Mar. 31, 2015) ("The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete, electronic list of putative class members, together with their current or last known address . . .").  Because the Court denies Plaintiffs request to send electronic notice to putative class members, it will deny Plaintiffs' request for cell phone numbers and email addresses.

### III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 17) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED insofar as the Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to two classes of potential opt-in plaintiffs.  The first opt-in class will consist of: each hourly-paid supervisor who worked for Defendant MyExperian, Inc., any time after April 13, 2015.  The second opt-in class will consist of: each hourly-paid Customer Care Specialist or Customer Service Representative who worked for Defendant MyExperian, Inc., any time after April 13, 2015.  Upon receiving the information described below, Plaintiffs will have 90 days by which to distribute notice and file opt-in plaintiffs' signed consent to join forms with the Court.

IT IS FURTHER ORDERED that the motion is GRANTED insofar as Defendant is directed to provide Plaintiffs with the names of each putative class member, including any aliases they may have gone by or go by now and the last known home and work addresses of the worker

for the same time period.  Defendant may provide this information in any reasonable format. **Defendant has until Thursday, July 19, 2018 to deliver the contact information to Plaintiffs.**

IT IS FURTHER ORDERED that the motion is DENIED as to Plaintiffs' request for Defendant to provide cell phone numbers and email addresses for putative class members.

IT IS FURTHER ORDERED that the motion is GRANTED insofar as Plaintiffs' counsel is permitted to mail notice and consent to join forms to all putative class members.

IT IS FURTHER ORDERED that the motion is GRANTED insofar as Plaintiff's counsel is permitted to send a follow-up postcard to potential plaintiffs who do not respond within thirty 30 days of sending the notice.

IT IS FURTHER ORDERED that Plaintiffs' proposed notice, consent to join form, and follow-up postcard are approved subject to the following changes:

- Separate notices, consent forms, and postcards shall be sent to the two classes of potential opt-in plaintiffs.  The first opt-in class will consist of each hourly-paid supervisor who worked for Defendant MyExperian, Inc., any time after April 13, 2015.  The second opt-in class will consist of each hourly-paid Customer Care Specialist or Customer Service Representative who worked for Defendant MyExperian, Inc., any time after April 13, 2015.

- The follow-up postcard should be titled "Reminder of Right to Join Lawsuit" and should include a disclaimer stating, "The Court does not encourage or discourage participation in this case."

IT IS FURTHER ORDERED that the motion is DENIED as to Plaintiffs' request to disseminate notice via text message or, in the alternative, via email.

IT IS SO ORDERED this 5th day of July, 2018.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE