UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES VINSANT, Individually
and on Behalf of All Others Similarly
Situated, et al.                                                                              PLAINTIFFS

v.                                       No. 2:18-CV-2056

MYEXPERIAN, INC.                                                                         DEFENDANT

## OPINION AND ORDER

Before the Court is a joint motion (Doc. 66) to approve the parties' settlement agreement and dismiss Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-211. The parties filed their proposed agreement as an exhibit to the motion. The Court conditionally approved certification of Plaintiffs' FLSA claims on July 6, 2018, and 158 individuals filed consents to join in the action. Of those 158 individuals, nineteen did not work for Defendants[1] during the applicable statute of limitations period, and one individual entered a release agreement prior to her termination. The parties represent that the settlement agreement covers 138 current and former employees of Defendants. For the reasons stated below, the motion will be DENIED without prejudice to its refiling.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide

---

[1] The settlement agreement purports to bind three defendants, MyExperian, Inc., Experian Information Solutions, Inc., and Consumerinfo.com, Inc. All three entities are named as defendants in the joint motion. However, Experian, Inc. is the only defendant named in this case. Presumably all three entities are included because all three entities employed the opt-in plaintiffs and had the same pay policy in place. For clarity, the Court will refer to "the Defendants" because all three entities agree to be bound by the terms of the settlement agreement.

1

dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). A review of Plaintiffs' complaint and motion to certify show that there is a bona fide dispute as to whether Plaintiffs are entitled to unpaid wages. Plaintiffs contend that Defendants failed to compensate employees for time spent loading and logging into and out of required computer programs. Defendants argue in opposition that the companies' pay policy, which they allege does not violate the FLSA, requires employees to report this time as work, and all employees are trained on the policy. Whether or not an employer's policies comply with FLSA and AMWA requirements is immaterial if the employer's actual practices do not comply with the FLSA and AMWA, as Plaintiffs are alleging here. There seems to be no bona fide dispute that Plaintiffs are entitled to unpaid wages, but a bona fide dispute exists over how many uncompensated hours each Plaintiff worked. Because a bona fide dispute exists, the Court must evaluate whether the settlement is fair and equitable.

The FLSA was enacted for the purpose of protecting workers from "substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739 (1981). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food*, 679 F.2d at 1352 (citation omitted). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative polices it was designed to effectuate." *Barrentine*, 450 U.S. at 740.

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food*, 679 F.2d at

1352-53. Second, "[w]hen employees bring private actions for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Most cases are not compromised under these categories but are submitted to the district court for approval and dismissal with prejudice as to FLSA claims. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement to promote the policy of encouraging the settlement of litigation." *Id.* at 1354.

The factors a court should consider in evaluating the fairness of a settlement depend on the unique circumstances of each case. *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 3:16-cv-00026, 2017 WL 821656 *5 (S.D. Iowa, Jan. 10, 2017). Among the factors courts have considered are: (1) the amount of overtime to which class members may be entitled; (2) how close to full compensation of class members' claims the proposed settlement provides; (3) whether the proposed settlement includes or excludes liquidated damages and/or attorney's fees and expenses; (4) the likely complexity, expense, and duration of the litigation if the settlement is not approved; and (5) what additional claims class members must release in order to receive compensation under the proposed settlement agreement. *See Lewis-Ramsey*, 2017 WL 821656 at *4; *Loseke v. Depalma Hotel Corp.*, 4:13-cv-3191, 2014 WL 3700904 (D. Neb. July 24, 2014).

Turning to the terms of the proposed settlement agreement, the parties agree that Defendants will pay $39,670 to the opt-in class, $1,000 to each of the three named Plaintiffs (a total of $3,000), $33,000 in attorney's fees, and $6,830 in costs. The $39,670 payment to the opt-in class was determined by approximating an additional 4.13 minutes per day of uncompensated work for each opt-in Plaintiff. In light of Plaintiffs' claims, this calculation appears reasonable.

However, the settlement amounts are problematic for three reasons.

First, the agreement excludes liquidated damages without justification. The FLSA provides that an employee can recover as liquidated damages an equal amount of the overtime payment. 29 U.S.C. § 216(b). "Generally, an award of liquidated damages is mandatory if a FLSA violation occurs." *Goldsby v. Renosol Seating, LLC*, 294 F.R.D. 649, 654 (S.D. Ala. 2013) (rejecting settlement agreement that did not break down the amount of unpaid overtime compensation, unpaid wages, or liquidated damages). Because the motion makes no mention of liquidated damages, the Court cannot determine whether the plaintiffs have waived their right to those damages. A waiver of rights to liquidated damages is an important fact for the Court to consider in determining the reasonableness of the settlement. Moreover, this exclusion coupled with the fact that Plaintiffs' attorneys are receiving nearly as much as 138 opt-in plaintiffs raises the question of collusion and self-dealing. Lacking adequate justification, the exclusion of liquidated damages in the proposed settlement was a collusive effort to increase Plaintiffs' attorney's fees at the expense of Plaintiffs.

Next, with respect to these fees, the parties argue that $33,000 in attorney's fees is reasonable under to the percentage-of-recovery method because this is a common fund case. Where a proposed settlement includes the payment of attorney's fees, the Court must assess the reasonableness of the fee award. *See* 29 U.S.C. § 216(b). "The Eighth Circuit has 'approved the percentage-of-recovery method to evaluate fees in common fund settlement[s].'" *Netzel v. West Shore Group, Inc.*, 16-cv-2552-RHK/LIB, 2017 WL 1906955, at *8 (D. Minn. May 8, 2017) (quoting *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)). Under the percentage-of-recovery method, the Court may award as fees a fraction of the common fund that the attorneys were successful in obtaining for the benefit of the class. *See e.g. Boeing Co. v. Van Gemert*, 444

U.S. 472, 478 (1980) ("[T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."); *see also Netzel*, 2017 WL 1906955, at *8.

The parties' proposed agreement is not a common fund arrangement. In *Netzel*, the parties' settlement agreement provided that the defendant would pay $135,000 to resolve all claims. *Id.* at *3. The parties then requested $45,000 in attorney's fees, approximately 33% of the $135,000 total settlement fund, which the Court approved. *Id.* at *9. In the present case however, the parties did not agree to a common fund for the benefit of the entire class. Rather the agreement combines predetermined damages, including attorney's fees, into the "total settlement fund." (Doc. 66, p. 5). The parties' statement that the attorney's fees are 40% of this total settlement amount—which, again, includes the requested attorney's fees—is a disingenuous calculation of the fees which in actuality is a fee of 100% of the amount recovered for the class members. The Court suspects that this representation was an attempt to mitigate the amount of fees Plaintiffs' counsel would receive compared to the opt-in class. Regardless of motive, because this is not a common fund case, application of the percentage-of-recovery method is inappropriate.

Even assuming the parties amend their agreement, the Court is not convinced it would approve a fee award under the percentage-of-recovery method in this FLSA case. Though some district courts in this circuit have approved such an approach, see *Netzel*, other districts identify the inherent tension between the percentage method and the FLSA's statutory requirements. *See Williams v. Coventry Health Care of Florida, Inc.*, Case No: 6:16-cv-731-ORL-41TBS, 2018 WL 1466395, at *3 (M.D. Fla. Mar. 26, 2018) ("[W]hen a common fund is created to compensate a class of plaintiffs and then reduced by a percentage in order to pay the attorneys' fees and costs, the plaintiffs' recovery is reduced. In the FLSA context, such an outcome undermines the statutory

5

scheme set forth by Congress. FLSA plaintiffs, per the statute, are entitled to gain all of the benefit from successful litigation without paying attorneys' fees and costs."). If an amended agreement utilizes the percentage method, the parties must demonstrate that the opt-in class has not sacrificed recoverable wages for attorney's fees and that all plaintiffs receive full compensation for their claims. Moreover, the Court anticipates conducting a lodestar analysis regardless of which approach the settlement follows. *See Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (acknowledging use of lodestar analysis as crosscheck for reasonableness when applying percentage-of-recovery method). The parties must therefore submit evidence providing a factual basis for any attorney's fee award. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Finally, the proposed agreement requires Defendants to tender a check to Plaintiffs' counsel for each opt-in Plaintiff. The "checks will automatically expire if they are not cashed within 90 days of their issuance date. In such an event, those class Members will be deemed to have waived irrevocably any right in or claim to a settlement share." (Doc. 66-1, p. 3, ¶ 6a). As discussed, FLSA rights cannot be waived. Reversion provisions are repugnant to the FLSA and "can be used a collusive vehicle resulting in significant fees for class counsel, a low payout by defendants, and limited benefits to the class." *Stewart v. USA Tank Sales & Erection Co. Inc.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, at *6 (W.D. Mo. Mar. 4, 2014). The inclusion of this provision is further evidence of Plaintiffs' attorneys colluding for attorney's fees at the expense of the class, as well as evidence that Plaintiffs' attorneys have not done the kind of advocacy that would justify the requested fee. Though this provision impacts plaintiffs that have already opted into the collective action, the provision could allow Defendants to recoup money they have agreed to pay to aggrieved plaintiffs. The Court therefore rejects this provision outright, and the parties

are encouraged to modify the agreement accordingly.

In light of the concerns listed above, the Court will deny the joint motion to approve the settlement agreement and will give the parties the opportunity to provide a renewed joint motion and settlement agreement.

IT IS THEREFORE ORDERED that the joint motion to dismiss and approve settlement agreement (Doc. 66) is DENIED without prejudice to its refiling.

IT IS SO ORDERED this 18th day of June, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE