IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CHARLES VINSANT, TARA BEAL**                                    **PLAINTIFFS**
**and BRITTANY MORRIS, Each**
**Individually and on Behalf of All**
**Others Similarly Situated**


vs.                              Case No. 2:18-cv-2056-PKH


**MYEXPERIAN, INC., EXPERIAN INFORMATION**
**SOLUTIONS, INC., and CONSUMERINFO.COM, INC.**          **DEFENDANTS**

### JOINT STIPULATION OF SETTLEMENT AND RELEASE

WHEREAS, Plaintiffs Charles Vinsant, Tara Beal and Brittany Morris ("Plaintiffs"), former Customer Care Specialists and Managers at Defendants MyExperian, Inc., Experian Information Solutions, Inc. and Consumerinfo.com, Inc.'s ("Defendants") call center located in Van Buren, Arkansas, filed a civil action on or about March 20, 2018, individually and on behalf of all other allegedly similarly-situated persons, against Defendants in the Western District of Arkansas, Case No. 2:18-cv-2056-PKH.

WHEREAS, on December 21, 2018, the representatives of Plaintiffs and Defendants came to a resolution of this matter after weeks of phone calls and e-mails attempting to resolve this case.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the *Vinsant* Action or that reasonably arise out of the facts alleged in this Action, *i.e.,* the alleged practices set forth in the pleadings in the *Vinsant* Action.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1. Definitions:

    a. "Lawsuit" and "Action" each mean *Charles Vinsant, et al. v. MyExperian, Inc., et al.,* U.S. District Court for the Western District of Arkansas Case No. 2:18-cv-2056-PKH.

    b. The "Settlement Class" or the "Class" consists of all current or former hourly-paid Customer Care Specialists who work or worked at Defendants' Van Buren, Arkansas and Allen, Texas call centers that filed timely consents to participate

1

in this Action.  These individuals, along with their respective shares of the settlement, have been identified in Exhibit B to this Agreement.

c.  "Class Member" means an individual within the foregoing Class.

d.  "Releasees" refers to and includes Defendants, Defendants' present and former subsidiaries, divisions, parent companies, holding companies, stockholders, shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") including but not limited to all officers, directors and managers of Defendants in their personal capacities.

e.  The "Parties" refers collectively to Plaintiffs and Defendants.

f.  "Class Counsel" refers to Sanford Law Firm, PLLC.

g.  "Effective Date" is defined as the later of: (i) the date when the time for appeal has expired; or (ii) the date of the final resolution of any appeal of the Settlement Agreement if an appeal has been filed and not dismissed.

2.      This Settlement Agreement is made and entered into by and between the Plaintiffs and the Defendants.  This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court.  Plaintiffs and Defendants hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Action, on the terms and conditions set forth in this Settlement Agreement.

3.      Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Releasees.  Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or Releasees, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

4.      Class Counsel have conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued investigation and prosecution of Class Members' claims against Defendants.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants both on the merits and with respect to class certification.  Defendants and Defendants' counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

2

5.      The Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by Plaintiffs, which release includes in its effect Defendants and all Releasees.

6.      Subject to Court approval of the Settlement Agreement, and on the terms and conditions set forth in this Settlement Agreement, Defendants will pay and promise as follows:

    a.  Defendants will issue checks in an amount totaling $39,670 according to the distributions contained in Exhibit B to this Agreement. All payments will be wages subject to normal payroll tax withholding and W-2 reporting. Defendants shall be responsible for all employer-paid and due taxes on these wages, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes. Class Members' checks will automatically expire if they are not cashed within 90 days of their issuance date. Replacement checks may be issued to Class Members in accordance with paragraphs 10-13 of this Settlement Agreement.

    b.  The formula the Parties used to determine each Class Member's share of the $39,670 was based on the number of workweeks worked by each Class Member during each Class Member's three year statute of limitations dating back from the date each Class Member filed their individual consent to participate in the Action.

    c.  Service awards of $1,000 to each of the three Named Plaintiffs who were deposed. These Service awards will be paid separate from the amounts contained in Exhibit B and shall be designated as 1099 non-wage income.

    d.  Defendants agree to pay to Class Counsel the sum of $33,000.00 as attorneys' fees and $6,830.00 in costs and expenses, in full and complete satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs and expenses of any kind whatsoever. Defendants will report the payments to Class Counsel using an IRS Form 1099. Defendants agree to and do not oppose this amount of attorneys' fees and costs. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded.

    e.  Class Counsel and Defendants agree that Defendants will make all payments required under this Agreement within 30 days after the deadline for appeal of the Court's final approval of the settlement. The Named Plaintiffs must first submit a completed W-9 form to Defendants in order to receive a Service award.

## MUTUAL FULL COOPERATION

7.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to obtain a final judgment in the Lawsuit upon completion of the terms and conditions of the Settlement Agreement as approved by the Court.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

8.      Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit A granting approval of the Settlement Agreement and directing the mailing of the settlement checks by first class mail to the Class Members as set forth herein.

## DUTIES OF THE PARTIES FOLLOWING APPROVAL

9.      Following approval by the Court of the Settlement, Defendants will issue individual settlement checks for the settlement payments reflected in Exhibit B plus service awards to Named Plaintiffs, as well as the agreed-upon costs and attorneys' fees, to be sent to Class Counsel via first class mail. Class Counsel will administer the distribution of the settlement payments and shall be responsible for all settlement administration costs and fees including the mailing of the checks to last known addresses of the Class Members. Class Counsel shall notify counsel for Defendants of the date on which settlement checks are distributed to Class Members (the "Distribution Date").

10.     Defendants shall provide Class Counsel with a list of Class Members whose checks have not been negotiated as of forty-five (45) days following the Distribution Date. Said list shall be provided no more than three (3) business days after the forty-five (45) day mark.

11.     Within three (3) business days following request by Class Counsel made within the 90-day period for negotiating settlement checks, Defendants shall issue a replacement check to Class Counsel for any Class Member whose check has not been negotiated. Class Counsel shall be responsible for distributing the replacement check to the Class Member, who shall be entitled to another 90-day period from the date the replacement check is issued during which to cash the check.

12.     Defendants agree to cooperate in providing any contact information for Class Members known to Defendants, including but not limited to addresses and phone numbers, upon request by Class Counsel. Defendants agree to provide such contact information within three (3) business days of request for the information by Class Counsel.

4

13.    Any Class Member whose settlement mailing is returned to Class Counsel as undeliverable, and for whom Class Counsel is able to find a valid address to resend the settlement check, shall be eligible to receive a replacement settlement check upon request, if the original settlement check does not reach them within 60 days of issuance.  Within three (3) business days following request by Class Counsel made within the 90-day period for negotiating settlement checks, Defendants shall issue a replacement check to Class Counsel for any such Class Member. The replacement check shall be valid for 90 days from the date of issuance.

14.    Having already opted into the Action, all Class Members will be bound by the final approval order, the judgment, and the releases set forth in this Agreement.

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

15.    A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.  However, neither party may void the Settlement Agreement based on the Court's approval or non-approval of the maximum amount of attorneys' fees or costs in paragraph 6(d).

16.    If this Settlement Agreement is voided under the prior paragraph, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

## SETTLEMENT AGREEMENT EFFECTIVE DATE, RELEASE AND PAYMENT PROCESS

17.    Each Class Member fully releases and discharges Defendants and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which includes all claims for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under the FLSA or AMWA during each Class Member's applicable statute of limitations (the three years prior to the date each Class Member filed his or her consent to participate in this Action).  This release includes all claims for off-the-clock work under the FLSA and AMWA.  Such off-the-clock claims include any claims derivative of wage claims being released, for the applicable statutes of limitation for each Class Member. Class Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

## PARTIES' AUTHORITY

18.    The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## ENFORCEMENT ACTIONS

19.    This Settlement Agreement is fully enforceable in the U.S. District Court for the Western District of Arkansas before the Honorable P.K. Holmes, III or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this agreement. The Parties hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval and enforcement of the terms of this Agreement.

## NOTICES

20.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties to this Settlement Agreement shall be in writing and shall be addressed as follows:

> To Plaintiff:
>
> Josh Sanford
> Sanford Law Firm, PLLC
> josh@sanfordlawfirm.com
> One Financial Center
> 650 South Shackleford, Suite 411
> Little Rock, Arkansas 72211
> Tel: (501) 221-0088
> Fax: (888) 787-2040
>
> To Defendant:
>
> Eric R. Magnus
> **JACKSON LEWIS, P.C.**
> 171 17th St., NW
> Suite 1200
> Atlanta, GA 30363
> Tel: (404) 525-8200
> Fax: (404) 525-1173
> magnuse@jacksonlewis.com

## CONSTRUCTION AND GOVERNING LAW

21.    The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the

extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

22.     This Agreement shall be governed by Arkansas law, without regard to that state's choice of law provisions.

## CAPTIONS AND INTERPRETATIONS

23.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

24.     This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

25.     This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

26.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

27.     It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement.  The Opt-In forms filed with this Court advised all Class Members of the binding nature of the release should this Action be settled by the Named Plaintiffs and Class Counsel.  Accordingly, the Named Plaintiffs' and Class Counsel's signature of this Agreement shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

## PUBLICITY

28.     Parties and their counsel shall not issue any press release about the Settlement Agreement or its terms.  The Parties and their counsel shall respond to employees or media only with the acknowledgment that "the matter was amicably resolved."

## COUNTERPARTS

29.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

# Exhibit A
# Order of Approval

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES VINSANT, TARA BEAL and          PLAINTIFFS
BRITTANY MORRIS,
Each Individually and on Behalf of All
Others Similarly Situated

vs.                    Case No. 2:18-cv-2056-PKH

MYEXPERIAN, INC., EXPERIAN INFORMATION
SOLUTIONS, INC., and CONSUMERINFO.COM, INC.          DEFENDANTS

## [PROPOSED] ORDER OF APPROVAL

Upon consideration of the Joint Motion for Approval of the collective action settlement and its supporting memorandum, exhibits, and affidavit, and

It appearing that the proposed settlement is fair and reasonable, and

It further appearing that settlement checks will be sent to all class members,

It is therefore this ___ day of _____ 2019:

ORDERED that the Parties' collective action settlement is fair and reasonable;

ORDERED that:

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement Agreement; and

- Following issuance of this Order, Defendants shall send by first-class mail a settlement check for each Class Member as defined in Exhibit B to the Parties' Settlement Agreement, plus service awards, in addition to payment of agreed-upon fees and costs, to Counsel for Plaintiffs who will distribute individual settlement checks to all class members, all in accordance with the terms of the Parties' Settlement Agreement;

10

ORDERED that this action is dismissed **with** prejudice.

_____

Honorable P.K. Holmes, III
United States District Judge

# Exhibit B
# Settlement Shares

**EXPERIAN**
OFF-THE-CLOCK ANALYSIS
3-YEAR SOL FROM OPT-IN

| Employee ID # | Date Filed | Participant | Settlement Payment |
|---|---|---|---|
| TOTALS | | | $39,670.74 |
| 72583170 | 08/17/18 | Keegan Addison | $405.64 |
| 72687631 | 08/06/18 | Ron Adkins | $391.93 |
| 72642686 | 08/03/18 | Bryan Allen | $315.78 |
| 72577920 | 08/08/18 | Travasha Allen | $174.92 |
| 72307672 | 08/29/18 | Corey Ganim | $765.08 |
| 705442 | 08/07/18 | Brenda Anderson | $1,366.39 |
| 72577985 | 08/08/18 | Frank Auleta | $995.56 |
| 72687638 | 09/25/18 | Tomeda Baines | $378.88 |
| 72154492 | 08/27/18 | Melissa Bean | $124.87 |
| 72524623 | 10/16/18 | Deandrea Berry | $166.06 |
| 72595632 | 10/15/18 | Valerie Bertschy | $149.96 |
| 72656603 | 04/04/18 | Betts, Shana | $682.96 |
| 72585246 | 08/03/18 | Katie Bordeaux | $391.03 |
| 72638208 | 08/01/18 | Glenda Borrero | $148.02 |
| 72601552 | 08/08/18 | John Brock | $149.18 |
| 72657655 | 08/17/18 | Latoya Brown | $42.45 |
| 72667717 | 09/04/18 | Renee Brown | $527.62 |
| 72582539 | 07/30/18 | Bullington, Maria | $609.18 |
| 72713511 | 08/13/18 | Taliya Burgess | $267.76 |
| 72713508 | 08/31/18 | Larry Carr | $267.76 |
| 72627087 | 08/27/18 | Andrea Cash | $265.90 |
| 72615946 | 09/25/18 | Taylor Catt | $332.62 |
| 72649784 | 10/31/18 | Monica Chapman | $739.04 |
| 72687956 | 10/09/18 | Naquishea Chavers | $288.82 |
| 72600647 | 10/15/18 | Collins Chitaleh | $193.59 |
| 72635784 | 08/13/18 | Sarah Christopher | $253.32 |
| 72681983 | 08/13/18 | Andrea Collins | $93.74 |
| 709677 | 08/07/18 | Rita Cooper | $580.96 |
| 72170087 | 08/13/18 | Roderick Crawford | $1,094.12 |
| 72547568 | 09/06/18 | Kylah Davis-Hughes | $108.16 |
| 72025979 | 09/18/18 | Mary Davis | $484.76 |
| 72490750 | 08/03/18 | Frances Dirksen | $991.66 |
| 72635281 | 10/02/18 | Tilman Doty | $525.47 |
| 72652445 | 09/10/18 | Kyndal Dunbar | $172.70 |
| 72670598 | 08/08/18 | Ashleigh Edwards-Richardson | $206.25 |
| 72170111 | 08/06/18 | Valery Else (Royal) | $1,093.02 |
| 72627736 | 07/30/18 | Embry, Kyla | $15.09 |
| 72717162 | 07/30/18 | Esaw, Kenneth | $109.82 |
| 72588345 | 08/07/18 | Mackenzie Ferreira | $952.49 |
| 72675779 | 09/04/18 | Amber Floyd | $81.76 |
| 72597669 | 08/13/18 | Crystal Floyd | $819.05 |
| 72662290 | 08/07/18 | Robin Galdamez | $75.18 |
| 72655489 | 07/26/18 | Gatewood, Robert | $54.02 |
| 72663305 | 08/09/18 | Terence George | $103.43 |
| 72582042 | 08/08/18 | Quinn Giddings | $417.12 |
| 72466095 | 08/27/18 | Synthia Gonzales | $588.04 |
| 72722763 | 08/01/18 | Robin Gonzalez | $51.81 |
| 72626906 | 08/31/18 | Tomeshia Green | $501.64 |
| 72660965 | 09/10/18 | Ashley Grimes | $453.36 |
| 72574170 | 09/18/18 | Matthew Hamilton | $161.03 |
| 72717602 | 08/01/18 | Jayne Anne Harris | $37.05 |
| 72576295 | 08/17/18 | Fatima Hernandez | $59.21 |
| 72583847 | 08/03/18 | Leonore Hernandez | $353.66 |
| 72576908 | 07/30/18 | Holmes, MaKenzee | $101.16 |
| 72650635 | 08/06/18 | Kristopher Hooks | $156.89 |
| 72679686 | 08/17/18 | Ayrielle Hughes | $237.97 |
| 72619449 | 08/03/18 | Michelae Humphries | $39.20 |
| 72675188 | 08/17/18 | Elizabeth James | $201.19 |
| 72599328 | 08/17/18 | Jason Joiner | $121.24 |

 Privileged & Confidential

**EXPERIAN**
OFF-THE-CLOCK ANALYSIS
3-YEAR SOL FROM OPT-IN

| Employee ID # | Date Filed | Participant | Settlement Payment |
|---|---|---|---|
| TOTALS | | | $39,670.74 |
| 72621953 | 08/06/18 | Kenneth Joplin | $40.85 |
| 713759 | 08/17/18 | Darcy Jordan | $195.70 |
| 72267020 | 08/06/18 | Jarrod Kemp | $88.66 |
| 72625994 | 10/09/18 | Debby King | $590.93 |
| 72692000 | 07/30/18 | Kinney, Hailey | $156.06 |
| 72655002 | 10/04/18 | Karen Lamproe | $43.44 |
| 72702630 | 08/03/18 | Deanna Landers | $126.25 |
| 72642513 | 08/31/18 | Chaquita Lewis | $87.68 |
| 72590995 | 09/06/18 | Tishaunda Lewis | $97.26 |
| 72663390 | 08/08/18 | Rekkiah Louden | $430.17 |
| 72656597 | 08/13/18 | Katarina Marston | $259.81 |
| 72644961 | 09/18/18 | Jose Martinez | $674.40 |
| 707741 | 09/04/18 | Betty McCane | ALREADY RELEASED CLAIMS |
| 72598967 | 08/13/18 | Jarred McCray | $190.54 |
| 72692712 | 08/08/18 | Anterous McKinney | $142.23 |
| 72383365 | 07/30/18 | Meadors, Helen | $35.20 |
| 72683830 | 08/07/18 | Lisa Medford-Peck | $181.19 |
| 72479999 | 07/27/18 | Meeks, Andrew | $251.26 |
| 72605635 | 08/07/18 | Jessica Abshere | $312.17 |
| 72675781 | 08/07/18 | Aleigha Mills | $21.57 |
| 72602706 | 08/13/18 | BreAnn Mitchell | $517.02 |
| 710770 | 07/30/18 | Moore, Carla | $675.75 |
| 72595288 | 08/01/18 | Eric Moser | $25.33 |
| 72505779 | 08/08/18 | Brandon Neville | $409.77 |
| 72616462 | 08/07/18 | Joshua Norgaar | $10.06 |
| 708688 | 08/09/18 | DoraVon Norton | $890.99 |
| 72685597 | 08/01/18 | Brenton Odle | $79.24 |
| 72641445 | 07/30/18 | Oliver-Butler, LaDonna | $516.32 |
| 72647984 | 08/08/18 | Kayla Patnoe-Ventresca | $13.34 |
| 72718944 | 08/03/18 | Dralon Patterson | $268.87 |
| 72582043 | 08/07/18 | Alexas Pauly | $30.17 |
| 72325863 | 08/01/18 | Jamie Perrymore | $186.74 |
| 72635663 | 08/01/18 | Patrick Pierce | $15.42 |
| 72688994 | 08/08/18 | Kenisha Porsha | $54.15 |
| 72625911 | 08/06/18 | Jessica Price | $58.79 |
| 72711019 | 07/30/18 | Prince, Brenda | $106.70 |
| 72577319 | 07/30/18 | Richardson, Cecilie | $37.25 |
| 72712076 | 10/15/18 | India Roberts | $221.25 |
| 72715140 | 08/07/18 | Julian Ross | $147.78 |
| 72655486 | 08/03/18 | Gretchen Roten | $112.01 |
| 72580046 | 09/10/18 | Charlotte Russell | $286.56 |
| 72649276 | 08/16/18 | Christine Scallin | $89.22 |
| 72592295 | 08/20/18 | Javonn Shaviers | $54.95 |
| 72661139 | 08/17/18 | Ashley Sloan | $92.70 |
| 72599190 | 08/06/18 | Kathleen Smith | $932.99 |
| 72579767 | 07/31/18 | Smith, Wesley | $229.93 |
| 72552915 | 07/30/18 | Spain, Jerry | $37.66 |
| 72682789 | 08/07/18 | Shambrielle Speights | $194.92 |
| 72627081 | 08/20/18 | Derek Stafford | $446.03 |
| 707183 | 07/30/18 | Steele, Mary | $394.10 |
| 72656780 | 08/07/18 | Hayley Swaim-Minakham | $120.47 |
| 72402191 | 08/13/18 | Stormi Thomas | $36.92 |
| 72684126 | 08/08/18 | Anthony Todryk | $221.77 |
| 72563579 | 08/13/18 | Damon Tomlinson | $31.17 |
| 72548391 | 08/08/18 | Donna Turner | $327.94 |
| 72714063 | 08/07/18 | Maudeen Vann | $202.43 |
| 72642689 | 08/07/18 | Sandra Vasquez | $191.61 |
| 72684129 | 08/27/18 | Savanea Vasquez | $43.42 |

**EXPERIAN**
OFF-THE-CLOCK ANALYSIS
3-YEAR SOL FROM OPT-IN

| Employee ID # | Date Filed | Participant | Settlement Payment |
|---|---|---|---|
| **TOTALS** | | | **$39,670.74** |
| 72629927 | 09/25/18 | Beluna Villaflores | $157.98 |
| 72710714 | 08/08/18 | Elexis Vowell | $53.11 |
| 72622207 | 08/03/18 | Kim Wafer | $611.68 |
| 72681191 | 07/30/18 | Wagoner, Kristin | $132.12 |
| 72218254 | 08/06/18 | Richard Walker | $1,095.29 |
| 72553762 | 08/16/18 | Charlotte Washington | $682.27 |
| 72593407 | 08/20/18 | Keisha Washington | $28.61 |
| 72599482 | 08/13/18 | Kendra Widner | $140.25 |
| 72603738 | 07/30/18 | Wilcox, Christopher | $298.82 |
| 72713661 | 08/07/18 | Chenika Williams | $246.45 |
| 72603933 | 09/26/18 | Andrew Young | $344.38 |
| 72657446 | 10/04/18 | Ingrid Young | $265.37 |
| 72593335 | 08/01/18 | Mary Benson-Humphrey | $22.62 |
| 72595773 | 08/06/18 | Keneatha Woods | $1.79 |
| 72593327 | 08/08/18 | Valisha Blocker | $22.62 |
| 72579860 | 03/26/18 | Beal, Tara | $193.76 |
| 72402196 | 04/02/18 | Morris, Brittany | $447.36 |
| 72487863 | 04/02/18 | Vinsant, Charles | $821.43 |
| 72511169 | 08/08/18 | Jade Barnett | $0.00 |
| 72450928 | 07/30/18 | Balch, Donna | $0.00 |
| 72577736 | 08/29/18 | Ian Rogers | $0.00 |
| 709630 | 04/02/18 | Kurz, Bonnetta | $95.97 |
| 72492909 | 07/31/18 | Fugett, Robert | $254.52 |
| 72671190 | 08/13/18 | Sherrie Negus | $80.67 |
| 72547908 | 09/10/18 | Jude Akinleyimu | |
| 72480467 | 09/10/18 | Jatoya Cole | |
| 72554733 | 07/30/18 | Cothern, Kristen | |
| 72579225 | 08/06/18 | Amanda Homan | |
| 72578562 | 08/09/18 | Jessica Oliver (Ponder) | |
| 72527605 | 08/07/18 | Emanuelle Torres | |
| 72439801 | 04/02/18 | Maxwell, Belinda | |
| 72714061 | 10/15/18 | Sharonda Nelson | |
| | 10/16/18 | Angie Sikes | 0 |
| 72513263 | 10/03/18 | Angela Mayhugh | |
| 709676 | 07/30/18 | Childs, Zatoya | |
| 72655296 | 07/31/18 | Smith, Nicole | |
| 72710090 | 08/01/18 | Hailey Denza | |
| 72687634 | 08/03/18 | Richard Stuhler | |
| 72685008 | 08/03/18 | Matthew Tucker | |
| 72727523 | 08/06/18 | Roberta Kotlarek | |
| 72705070 | 08/07/18 | Diana Taylor | |

 Privileged & Confidential